**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

SHAHID OMAR, ADC #136697                                                           PETITIONER

v.                                            NO. 5:12CV00050 JLH-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                                  RESPONDENT

## OPINION AND ORDER

Shahid Omar objects to the proposed findings and recommended disposition of United States Magistrate Judge Jerome T. Kearney recommending that Omar's habeas corpus petition filed pursuant to 28 U.S.C. § 2254 be dismissed. Judge Kearney based his recommendation on alternate grounds. First, Judge Kearney recommended that the Court find that Omar's petition is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1). In the alternative, Judge Kearney recommended that the Court find that Omar's claims are procedurally defaulted. Upon *de novo* review, the Court adopts Judge Kearney's recommendation that Omar's petition be dismissed as barred by the statute of limitation and declines to reach the alternative ground that Omar's claims are procedurally defaulted.

Omar was convicted of possession of drug paraphernalia and possession of cocaine with the intent to deliver and was sentenced to concurrent sentences of 60 months and 720 months. The judgment and commitment order was signed on July 28, 2006, and entered on August 1, 2006. Omar appealed to the Arkansas Court of Appeals, arguing that the traffic stop exceeded the scope and duration permitted by state and federal law and that a drug dog's entry into the car was an improper search without probable cause. *Omar v. State*, 99 Ark. App. 436, 262 S.W.3d 195 (2007). Omar's conviction and sentence were affirmed on appeal by the Arkansas Court of Appeals, and the mandate of that court issued on November 1, 2007.

On December 27, 2007, Omar filed his first petition under Rule 37 of the Arkansas Rules of Criminal Procedure.  In that petition, he asserted claims of ineffective assistance of counsel.  He alleged that his trial lawyer failed to object to the trial court's use of an after-acquired fact in analyzing whether reasonable suspicion existed at the time of his traffic stop; that his trial lawyer was not prepared when the trial court sought authority supporting his argument on the legality of the traffic stop; that his trial lawyer failed to object to an excessive sentence; and that his trial lawyer failed to seek a plea bargain.  Omar's Rule 37 petition was denied.  The Supreme Court of Arkansas affirmed the denial of that petition on June 4, 2009, and issued its mandate on June 23, 2009.  *See Omar v. State*, 2009 Ark. 337, 2009 WL 1579108 (June 4, 2009).

At some point, Omar suspected that the traffic stop that resulted in his conviction was the result of racial profiling.  On December 22, 2008, he filed a *pro se* request under the Arkansas Freedom of Information Act seeking proof of his suspicion.  When that request was denied, he commenced litigation in an effort to obtain the information that he sought.  Eventually, he managed to hire a private investigator who obtained the information and provided it to him.  The record does not state precisely when Omar obtained the information, but it is undisputed that he had obtained it by February 3, 2010.  On February 3, 2010, Omar signed his second petition for relief under Rule 37, which was filed in the Circuit Court of Crawford County on February 18, 2010.  Omar asserted racial profiling as a basis for setting aside his conviction in his second Rule 37 petition.  The Circuit Court denied the petition on February 19, 2010, because it was filed more than 60 days after the issuance of the mandate and was therefore untimely.  The Supreme Court of Arkansas affirmed on February 9, 2011.  *Omar v. State*, 2011 Ark. 55, 2011 WL 539122 (February 9, 2011).  The basis of the Supreme Court's ruling was that Rule 37 does not allow a second petition to be filed unless the first petition

was denied without prejudice to the filing of a second petition, and when Omar's first petition was dismissed he was not given leave to file a second one. *Id.*

The statute of limitation applicable to section 2254 petitions provides that the one-year period of limitation begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).[1]  The statute also provides that the time during which a "properly filed" application for state post-conviction review is pending does not count toward any period of limitation. 28 U.S.C. § 2244(d)(2). Here, the period of limitation began to run no later than the date on which the denial of Omar's first Rule 37 petition became final by issuance of the court's mandate, which was June 23, 2009.[2]  Thus, the one-year period of limitation on Omar's section 2254 petition began to run on June 23, 2009, and expired on June 23, 2010, unless the period of limitation was tolled.

The first issue is whether the period of limitation was tolled during the time that Omar's second habeas petition was pending.  As noted, that petition was dismissed by the trial court because it was untimely and by the Arkansas Supreme Court because it was an unauthorized second petition. Because the second petition was not filed in compliance with the Arkansas rules, it was not a "properly filed" application and did not toll the period of limitation.  *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010); *Walker v. Norris*, 436 F.3d 1026, 1030-31 (8th Cir. 2006); *Chestang v. Norris*, No. 5:09CV00219, 2009 WL 4251049, at *3 (E.D. Ark. Nov. 23, 2009).

_____

[1] The statute provides other occasions on which the period of limitation may begin to run in different situations, but Omar does not rely upon any of them for his argument.

[2] Some time may have run between the date that the mandate was issued on Omar's direct appeal and the filing of his first Rule 37 petition, but the disposition of this action does not depend upon whether those days are counted.

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)).

Omar first argues that he is entitled to equitable tolling because he was diligent in seeking to obtain information necessary to support his claim of racial profiling and the State of Arkansas obstructed his efforts to obtain that information by refusing to provide it in response to his Freedom of Information Act request and opposing his Freedom of Information Act suit in court. Assuming, without deciding, that Omar is entitled to equitable tolling on that basis, the tolling would end and the period of limitation would begin to run again no later than the date on which Omar obtained the information that supports his claim for racial profiling. As mentioned above, Omar obtained that information on or before February 3, 2010, which means that the period of limitation expired no later than February 3, 2011. Omar filed his petition in this Court on January 29, 2012.[3]

Omar contends that he is entitled to continued equitable tolling after he acquired the racial profiling information because he was pursuing his rights diligently by filing a second Rule 37 petition and his failure to file his petition in this Court in a timely fashion was due to the fact that he is a *pro se* petitioner who is ignorant of the law. He contends that he filed a second Rule 37 petition believing that he needed to exhaust his remedies in state court before he could file a petition in this Court, and

---

[3] The petition was received by the Clerk of Court on January 31, 2012, but pursuant to the prison mailbox rule, it is deemed filed on the date that he placed it in the prison mail system.

he assumed that filing the second Rule 37 petition would toll the running of the period of limitation under 28 U.S.C. § 2244(d)(2).

It is well settled that "[t]he extraordinary circumstance that prevents a petitioner from timely filing his federal application must be external to the petitioner and not attributable to his actions." *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012). Typically, a petitioner's *pro se* status and ignorance of the law is not such an extraordinary circumstance. *Id.*

Omar argues that the decision in the Supreme Court in *Holland v. Florida* overruled the line of cases holding that the extraordinary circumstance component of equitable tolling requires something external to the petitioner and that the petitioner's ignorance of the law does not qualify.[4] He has cited no cases, however, so holding; and the Eighth Circuit's decision in *Johnson* post-dates *Holland*, which means that the Eighth Circuit has not interpreted *Holland* as Omar does.

*Holland* was a death row case in which the petitioner was represented in his state collateral review proceedings by a lawyer. The petitioner wrote his lawyer numerous times during the course of the state collateral review proceedings, urging him to make sure that the section 2254 petition was timely filed. He also made complaints to the state bar association and wrote the Florida courts regarding the apparent neglect of his case by his lawyer. Despite the petitioner's best efforts to urge his lawyer to be sure that the section 2254 petition was timely filed, it was not timely filed. The district court ruled that Holland was not entitled to equitable tolling because he had not been diligent. On appeal, the Eleventh Circuit held that professional negligence could never constitute an

---

[4] Omar also relies on *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), but those cases addressed the issue of what constitutes cause and prejudice to excuse a procedural default in state court, not equitable tolling of the federal period of limitation in section 2254 cases.

extraordinary circumstance that would justify equitable tolling.  The Supreme Court overruled the Eleventh Circuit's rigid rule that professional negligence could never justify equitable tolling.  In holding that in some instances attorney misconduct may be grounds for equitable tolling, the Court explained:

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline does not warrant equitable tolling.  But the case before us does not involve, and we are not considering, a 'garden variety claim' of attorney negligence.  Rather, the facts of this case present far more serious instances of attorney misconduct.  And, as we have said, although the circumstances of a case must be 'extraordinary' before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.

*Holland*, 561 U.S. at 652, 130 S. Ct. at 2564 (citations omitted).

Omar urges the Court to take note of *Holland*'s insistence that the Court's equity powers must be exercised on a case-by-case basis, recognizing the need for flexibility in avoiding mechanical rules.  *Id*. at 649-50, 130 S. Ct. at 2563.  Omar points to nothing, however, in this case that makes it exceptional.  Rather, this is a garden variety case of a *pro se* petitioner missing the deadline for filing a section 2254 petition due to his ignorance of the law.  Omar is not entitled to equitable tolling for the period after February 3, 2010, when he obtained information to support his equitable tolling claim.  Hence, the period of limitation expired no later than February 3, 2011.  As noted, Omar filed his section 2254 motion nearly a year after that date.

## CONCLUSION

Omar's petition under 28 U.S.C. § 2254 is barred by the period of limitation provided in section 2244(d).  Therefore, the petition is dismissed with prejudice.  Because Omar has failed to

make a substantial showing of the denial of a constitutional right, he is not entitled to a certificate of appealability.  28 U.S.C. § 2253(c)(2).[5]

IT IS SO ORDERED this 11th day of March, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[5] Even in the absence of a certificate of appealability, the Eighth Circuit has held that it has jurisdiction to review a district court's rulings on preliminary procedural issues such as a limitation question.  *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002).